GREGG v. FIRST NATIONAL BANK OF DURAND.

GARNISHMENT—CLAIMS SUBJECT—SECURITY FOR DEBT.

A bank having security for a loan is not required to relinquish the same at the instance of a creditor of its debtor, and cannot be charged as garnishee on account thereof until its claim is paid.

Error to Shiawassee; Smith, J. Submitted November 18, 1903. (Docket No. 135.) Decided December 22, 1903.

Garnishment proceedings by Edward P. Gregg against the First National Bank of Durand, as garnishee of Albert R. Harrington. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*A. L. Chandler* and *S. B. Terry*, for appellant.

*Fred J. Northway* (*John T. McCurdy*, of counsel), for appellee.

MONTGOMERY, J. This proceeding was instituted to charge the defendant as garnishee of A. R. Harrington. The statement in appellant's brief fails to follow the proper sequence as to dates, and has made it somewhat difficult for us to understand the real facts. As we gather the

facts from the record, they are, in brief, that, prior to the service of the garnishee process, Harrington was indebted to the bank in the sum of $2,700 to $2,800, the bank having direct security on a crop of 65 acres of beans, and also a chattel mortgage upon horses and other personal property. Also, prior to the garnishment, some of the horses had been sold by Harrington, and a portion only of the sum realized applied on the indebtedness to the bank. Also, prior to the service of process, Harrington turned over absolutely to the bank his entire crop of beans. The bank also held in its hands, as collateral security, certain contracts for the sale of personal property, made by Harrington to third parties, which contracts were pledged as collateral. On the date of the service of the writ, the indebtedness to the bank aggregated $2,208.80. There was realized from the beans about $1,200, and the chattel mortgage continued in force as to the remaining property, which was of much less value, if all had been seized, than sufficient to pay the balance of the indebtedness to the bank.

The bank was not required to relinquish its security, and could not be charged as garnishee until its claim was paid. The circuit judge directed a verdict for defendant. The plaintiff contends that the evidence shows that the bank was fraudulently conspiring with Harrington to cover up his property. Such claim has no basis whatever in the record as we read it.

Judgment affirmed.

MOORE, CARPENTER, and GRANT, JJ., concurred. HOOKER, C. J., took no part in the decision.